IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SAMNAM ARSHAD | § | |
| | § | |
| V. | § | NO. 1:06-CV-277 |
| | § | |
| MICHAEL CHERTOFF, in his | § | |
| official capacity as Secretary of the | § | |
| Department of Homeland Security, | § | |
| EMILIO T. GONZALES, Director of | § | |
| U.S. Citizenship and Immigration | § | |
| Services, SHARON A. HUDSON, | § | |
| Houston District Director U.S. | § | |
| Citizenship and Immigration Services, | § | |
| and ROBERT S. MUELLER, Director | § | |
| of the Federal Bureau of Investigations | § | |

## OPINION RE MOTION TO REMAND

This opinion addresses defendants' motion to remand this case to the United

State Citizenship and Immigration Services (USCIS).[1]

## I. PARTIES AND NATURE OF SUIT

Plaintiff Samnam Arshad (Arshad), *pro se,* is an alien admitted to the United

States of America as a lawful permanent resident.  Defendants are Michael Chertoff,

the Secretary of the Department of Homeland Security; Emilio T. Gonzalez, the

---

[1]      This case is referred to the undersigned United States magistrate
judge pursuant to General Order 05-07.

Director of USCIS; Sharon A. Hudson, the Houston director of USCIS; and Robert

S. Muller, director of the Federal Bureau of Investigations (FBI).

Arshad alleges that he has applied to become a naturalized citizen, but that

USCIS has failed to act on his application for naturalization within 120 days of its

examination of him.  Arshad invokes this court's jurisdiction under 8 U.S.C. § 1447,

which allows applicants to apply to the United States district court in the district in

which the applicants reside for a hearing.  The court can either "determine the matter

or remand the matter, with appropriate instructions, to the Service to determine the

matter."  See 8 U.S.C. § 1447(b).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Arshad applied for naturalization in April, 2003.  In November of 2003,

USCIS interviewed Arshad.  USCIS has not made a determination on Arshad's

application.

Arshad filed this action on May 24, 2006.  Due to normal delays in determin-

ing whether to grant Arshad's motion to proceed *in forma pauperis*, abnormal delays

attributable to defects in effecting service of process, and even further delays due to

multiple continuances requested by defendants, no substantive response to the action

was filed until January 9, 2007.  At that time, defendants filed a motion to remand

the case to USCIS.

Arshad does not oppose the case being remanded to USCIS, but requests that a deadline for action be set.

A hearing on this motion was held on February 23, 2007.

### III.  MOTION TO REMAND

Defendants request remand to USCIS on the grounds that the court cannot give Arshad the relief he seeks, as the court does not have the resources and expertise necessary to conduct or review any background check.  Defendants claim that before a determination can be made on Arshad's application, three completed background checks are required by statute: 1) a fingerprint check from the Federal Bureau of Investigation (FBI), 2) an "Interagency Border Inspection System" name check, and 3) a national security background name check conducted by the FBI.  Defendants assert that while the first two checks have been completed, and the process is otherwise approximately ninety-percent complete, USCIS is still awaiting results from the FBI national security background name check.  Defendants argue that they therefore cannot lawfully act on Arshad's application for naturalization.

Alternatively, defendants argue that this court lacks jurisdiction, because the statutorily required "examination" has not been completed, and therefore the 120-day limit before applying to the district court has not begun to run.  Defendants

argue that "examination" is an ongoing process, rather than a discrete event, and encompasses the necessary background checks.

Arshad replies first that USCIS is in receipt of all necessary FBI checks.[2] Second, Arshad argues that "examination" has a specific meaning under the statute, and does not encompass the entire background check process, but refers rather to the specific interview and examination conducted by USCIS.  Finally, Arshad argues that the 3 years, 10 months that have passed since his application has been more than enough time for the FBI to complete a background check, and that if remanded without a time limitation, the FBI and USCIS will simply continue to delay acting on his application.  Arshad requests that the remand be with instructions that the FBI national security background name check be completed within 30 days, and that USCIS be required to act immediately upon receipt of the check.

## IV. DISCUSSION

### A.    Jurisdiction

An applicant for naturalization can apply to the district court for determination of his application if USCIS has not made a determination with 120 days of its "examination" of the applicant.  See 8 U.S.C. § 1447(b).  Defendants cite to three

---

[2]    Arshad states that he called the FBI to check on the status of the background checks, and was told that the checks had been completed and sent to USCIS on June 6, 2003, and April 30, 2005.

district court cases supporting their position that a district court does not have jurisdiction until 120 days after the background checks are completed, and USCIS conducts its interview of the applicant.[3]  These three cases, however, represent the minority opinion on the issue.  The vast majority of district courts addressing the issue have held that "examination" refers to the discrete event of the USCIS interview.[4]  The majority of courts note that "examination" refers to a discrete event as evidenced by the plain language of the statute, which refers to the *date* that the examination occurs.

Moreover, regulations concerning this statute also indicate that the examination is separate from any investigation or background check.  See 8 C.F.R. § 335.2(b).[5]  These regulations provide that completion of criminal background checks

---

[3]     See Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D. Va. 2005); Damra v. Chertoff, 2006 WL 1786246 (N.D. Ohio 2006); Martinez v. Gonzales, 2006 WL 3477985 (E.D. Va. 2006).

[4]     See Mechanic v. Dep't of Homeland Security, 2007 WL 580780 (S.D. Tex. 2007) (interview date triggers the statutorily prescribed 120-period); Attili v. Federal Bureau of Investigation, 2007 WL 471124 (S.D. Tex. 2007); Manzoor v. Chertoff, 2007 WL 413227 (E.D. Va. 2007); Hussein v. Gonzales, 2007 WL 328691 (M.D. Fla. 2007); Affaneh v. Hansen, 2007 WL 295474 (S.D. Ohio, 2007); Astafieva v. Gonzales, 2007 WL 120852 (N.D. Cal. 2007); Ahmed v. Chertoff, 2006 WL 3771814 (S.D. Tex. 2006); Shalabi v. Gonzales, 2006 WL 3032413 (E.D. Mo. 2006) ("I therefore join the majority of district courts which have decided this issue in holding that the 'examination' under 8 U.S.C. § 1447(b) occurs when the applicant is interviewed by the USCIS."); Said v. Gonzales, 2006 WL 2711765 (W.D. Wash. 2006); Khelifa v. Chertoff, 433 F.Supp.2d 836 (E.D. Mich. 2006); Meyersiek v. USCIS, 2006 WL 1582397 (D.R.I. 2006); Daami v. Gonzales, 2006 WL 1457862 (D.N.J. 2006); Shalan v. Chertoff, 2006 WL 42143 (D. Mass. 2006); Essa v. USCIS, 2005 WL 3440827; Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. 2006); Aslam v. Gonzales, 2006 WL 3749905 (W.D. Wash. 2006);El-Daour v. Chertoff, 417 F.Supp.2d 679 (E.D. Va. 2005).

[5]     "The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization
(continued...)

should be accomplished *before* the USCIS examination.[6]  This indicates that the examination is separate from the investigation and background checks.

This court joins the majority, and concludes that it has subject-matter jurisdiction to act on Arshad's complaint

## B.      Remand

As mentioned earlier, the parties agree upon a remand of this matter to USCIS for determination.  They disagree on whether the court should impose a time deadline for acting on the application.

There is case law supporting both outcomes.  See Shalabi, 2006 WL 3032413 at *4 (refusing to set a deadline for completion of the background check, and refusing to order the background check expedited); Al-Kudsi v. Gonzales, 2006 WL 752556 (D. Or. March 22, 2006) (remanding to USCIS for determination with instructions that the FBI complete the background check within 90 days); Ahmed v. Chertoff,

---

[5](...continued)
application *only after* the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." (Emphasis added.)

[6]      It is unclear why USCIS conducted its examination of Arshad before receiving the completed background check from the FBI.  The court is unaware of, and the parties have not identified, any requirement that the examination take place within a certain period of time after the initial application.  It seems that USCIS could avoid the jurisdiction of the district court by simply following its own regulations, and delaying the examination until the background checks are completed.

2006 WL 3771814 (S.D. Tex. Dec. 15, 2006) (remanding with instructions that the FBI complete the background check within 120 days).

Defendants presented evidence that the FBI receives approximately 3.4 million requests per year for these background checks.  Each check must be completed carefully, and understandably there is now a large backlog of background checks that must be completed.  However, Arshad's application has been pending for more than 1000 days, far beyond the 120 days provided for by statute.  Remanding without a time limit for action by USCIS would fail to effectuate Congress's intent in allowing a district court to act on the application if USCIS fails to do so within 120 days after examination.  In light of defendants' statements that the background check is around ninety-percent complete, an additional 120 days (the amount of time Congress thought ample) to act on Arshad's application will provide USCIS and the FBI sufficient time to complete the necessary background checks and act on Arshad's application.

By separate order, the court will remand this matter USCIS for determination of Arshad's application for naturalization within 120 days.

SIGNED this ___2___ day of March, 2007.

Earl S. Hines
United States Magistrate Judge
Page 7 of  7